BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:14-MC-00083-KJM-CKD |
|---|---|
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| REAL PROPERTY LOCATED AT 9240 STATE HIGHWAY 3, HAYFORK, CALIFORNIA, TRINITY COUNTY, APN: 017-430-57, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.    The United States represents that it could show at a forfeiture trial that on March 5, 2013, agents with the North State Marijuana Investigative Team executed a state search warrant at the property located at 9240 State Highway 3 in Hayfork, California, owned by McCollum.  The property is a rural 54.9 acre parcel with several outbuildings, commercial trailers and a travel trailer. During the search of the property, agents found two outdoor marijuana gardens with 194 holes with marijuana stalks, a commercial trailer used as an indoor growing area, and 9.7 pounds of processed marijuana.

Consent Judgment of Forfeiture

2. The United States could further show at a forfeiture trial that the defendant property is forfeitable to the United States pursuant to 21 U.S.C § 881(a)(7).

3. Without admitting the truth of the factual assertions contained in this stipulation, James Keith McCollum specifically denies the same, and for the purpose of reaching an amicable resolution and compromise of this matter, James Keith McCollum agrees that an adequate factual basis exists to support forfeiture of the defendant property.  James Keith McCollum hereby acknowledges that he is the sole owner of the defendant property, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant property, James Keith McCollum shall hold harmless and indemnify the United States, as set forth below.

4. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

5. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant property is located.

6. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

7. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

8. Within ninety (90) days of the entry of the Consent Judgment of Forfeiture, potential claimant James Keith McCollum shall send a cashier's check for $17,000.00 made payable to the U.S. Marshals Service to the U.S. Attorney's Office, Attn:  Asset Forfeiture Unit, 501 I Street, Suite 10-100, Sacramento, CA 95814.  All

right, title, and interest in said funds shall be substituted for the defendant property and forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7).

9. If payment in full is not made within the time stipulated above, potential claimant James Keith McCollum will be deemed to be in default of this stipulation and the U.S. Marshals Service shall be authorized to sell the defendant property, in the most commercially feasible manner, as soon as reasonably possible, for the maximum price. Through the sale of the defendant property, the United States shall receive the net proceeds up to $17,000.00, less payments for costs of selling the property, cleanup, other expenses incurred, and any legitimate liens that exist on the defendant property. Potential claimant James Keith McCollum shall receive all remaining amounts after the United States' interest, payment of costs of sale, legitimate liens, and costs incurred by the U.S. Marshals Service.

10. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the forfeiture of the defendant property. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said forfeiture, as well as to those now known or disclosed. James Keith McCollum waives the provisions of California Civil Code § 1542.

11. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

12. All parties will bear their own costs and attorney's fees.

IT IS SO ORDERED.

DATED: June 11, 2014.

UNITED STATES DISTRICT JUDGE

3

Consent Judgment of Forfeiture